UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVARO COVARRUBIAS PEREZ,<br><br>    Plaintiff,<br><br>    v.<br><br>OFFICER MACIAS, et al.,<br><br>    Defendants. | Case No. 24-cv-02725-DMR (PR)<br><br>**ORDER OF SERVICE; DENYING MOTION FOR APPOINTMENT OF COUNSEL; AND REFERRING ACTION TO *PRO SE* PRISONER MEDIATION PROGRAM** |

**I.  INTRODUCTION**

Plaintiff, a state prisoner who is currently incarcerated at the Correctional Training Facility ("CTF") has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He also requests appointment of counsel. Dkt. 1 at 3.[1] This matter has been assigned to the undersigned Magistrate Judge. Dkt. 3. Plaintiff's motion for leave to proceed *in forma pauperis* will be granted in a separate written Order. Dkt. 2.

In his complaint, Plaintiff names the following prison officials at CTF as Defendants: Warden Craig Koenig[2]; Associate Warden C. Freeman; Facility Unit II Captain S. Handly; Lt. K. Sirwet; and Correctional Officers L. Lopez and Macias. Dkt. 1 at 1-2. Plaintiff claims each of these Defendants acted in concert with each other to carry out a strategic planned operation through a so called "mandatory yard" release to "set up staged fights." *Id.* at 2-3. Plaintiff seeks monetary damages. *Id.* at 3.

Venue is proper because the events giving rise to the claims are alleged to have occurred at CTF, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

---

[1] Page number citations refer to those assigned by the court's electronic case management filing system and not those assigned by Plaintiff.

[2] In his complaint, Plaintiff has misspelled Defendant Koenig's last name as "Koening." Dkt. 1 at 1-2.

## II. DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Legal Claims

According to the complaint, on May 25, 2021, plaintiff, a Mexican national who had been placed on an "STG" (security threat group) list at CTF, was ordered by Defendants Macias and Lopez "to exit [Plaintiff's] assigned cell and to participate in the STG 1 & STG 2 affected mandatory yard release." Dkt. 1 at 3. Plaintiff "witnessed a large amount of Correctional Officials in riot gear as well as gurneys lined up in front of housing unit G-Wing." *Id.* Plaintiff and "[his] fellow echo wing housing unit inmates were approaching the west gate to enter the exercise yard [and] [he] personally witnessed the STG II BULDOG INMATES in a strategic formation anticipating to attack immediately . . . ." *Id.* Plaintiff claims that as he and the other inmates exited the west gate onto the exercise yard, "the STG II BULLDOG INMATES started barking then charged all echo wing housing unit inmates where [Plaintiff] got brutally beat down by several STG II Bulldogs." *Id.* Plaintiff claims that he "was fleeing as well as attempting to defend [him]self [and] [he] was sprayed in the face by correctional officials with [a] chemical agent (PEPPER SPRAY) instead of [his] aggressors." *Id.* Plaintiff fell to the ground "where [he] was being beat and kicked" and then "dragged to the entrance area . . . ." *Id.*

1        Plaintiff claims that he suffered "serious injuries . . . surrounding the staged fights." *Id.*

2        Liberally construed, plaintiff's allegations are sufficient to state an Eighth Amendment deliberately indifference to safety claim against the named Defendants for failure to protect plaintiff from violence at the hands of other prisoners. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Plaintiff's allegations are also sufficient to state supervisor liability based on Defendants' implementation of an allegedly constitutionally deficient policy to integrate STG inmates, knowing an attack was likely to occur. *See Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). Lastly, the court shall take supplemental jurisdiction over plaintiff's related state law claims under 28 U.S.C. § 1367(a).

### III. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff's motion for appointment of counsel is DENIED for want of exceptional circumstances. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997); *see also Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981) (there is no constitutional right to counsel in a civil case). This denial is without prejudice to the court's *sua sponte* appointment of counsel at a future date should the circumstances of this case warrant such appointment.

### IV. REFERRAL TO PRO SE PRISONER MEDIATION PROGRAM

The Northern District of California has established a Pro Se Prisoner Mediation Program. Certain prisoner civil rights cases may be referred to a neutral magistrate judge for prisoner mediation proceedings. The proceedings will consist of one or more conferences as determined by the mediator. At this time, the conferences shall be conducted with the parties and/or their representatives attending by videoconferencing.

Good cause appearing, the court hereby REFERS this case to Magistrate Judge Robert M. Illman for settlement proceedings pursuant to the Pro Se Prisoner Mediation Program. Such proceedings shall take place within ninety (90) days of the date this Order is filed, or as soon thereafter as Magistrate Judge Illman's calendar will permit. Magistrate Judge Illman shall coordinate a place, time and date for one or more settlement conferences with all interested parties and/or their representatives and, within ten (10) days after the conclusion of all settlement proceedings, shall file with the court a report thereon.

## V. CONCLUSION

For the foregoing reasons, the court orders as follows:

1. Plaintiff's complaint states cognizable Eighth Amendment and supervisory liability claims against the named Defendants stemming from the May 25, 2021 incident. The court shall also take supplemental jurisdiction over plaintiff's related state law claims.

2. The following Defendant(s) shall be served: **Warden Craig Koenig ; Associate Warden C. Freeman; Facility Unit II Captain S. Handly; Lt. K. Sirwet; and Correctional Officers L. Lopez and Macias at CTF.**

Service on the listed Defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service pilot program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk of the Court is directed to serve on CDCR via email the following documents: the operative complaint, this order of service, the notice of assignment of prisoner case to a United States magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form, a CDCR Report of E-Service Waiver form and a summons.

No later than **forty (40) days** after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which Defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which Defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver and of the notice of assignment of prisoner case to a magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form to the California Attorney General's Office, which, within **twenty-one (21) days**, shall file with the court a waiver of service of process for the Defendant(s) who are waiving service and, within **twenty-eight (28) days** thereafter, shall file a magistrate judge jurisdiction consent or declination to consent form as to the Defendant(s) who waived service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each Defendant who has not waived service according to the CDCR Report of E-Service Waiver a

4

1    USM-205 Form.  The clerk shall provide to the USMS the completed USM-205 form and copies
2    of this order, summons, operative complaint and notice of assignment of prisoner case to a
3    magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent
4    form for service upon each Defendant who has not waived service.  The clerk also shall provide to
5    the USMS a copy of the CDCR Report of E-Service Waiver.

6           The clerk shall also mail a copy of the operative complaint and a copy of this order to the
7    State Attorney General's Office in San Francisco.  Additionally, the clerk shall mail a copy of this
8    order to Plaintiff.

9           3.      Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure
10   requires Defendants to cooperate in saving unnecessary costs of service of the summons and
11   complaint.  If service is waived, this action will proceed as if Defendants had been served on the
12   date that the waiver is filed, except that pursuant to Rule 12(a)(1)(A)(ii), Defendants will not be
13   required to serve and file an answer before **sixty (60) days** from the date on which the CDCR
14   provides a copy of the CDCR Report of E-Service Waiver to the California Attorney General's
15   Office.  (This allows a longer time to respond than would be required if formal service of
16   summons is necessary.)  If Defendants have not waived service and have instead been served by
17   the USMS, then Defendants shall serve and file an answer within **twenty-one (21) days** after
18   being served with the summons and complaint.

19          4.      All communications by Plaintiff with the court must be served on Defendants or
20   their counsel, once counsel has been designated, by mailing a true copy of the document to them.

21          5.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court
22   informed of any change of address and must comply with the court's orders in a timely fashion.
23   Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes
24   while an action is pending must promptly file a notice of change of address specifying the new
25   address.  *See* L.R. 3-11(a).  The court may dismiss without prejudice a complaint when: (1) mail
26   directed to the *pro se* party by the court has been returned to the court as not deliverable, and
27   (2) the court fails to receive within sixty days of this return a written communication from the pro
28   se party indicating a current address.  *See* L.R. 3-11(b).

6. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

7. Plaintiff's motion for appointment of counsel is DENIED without prejudice. Dkt. 1 at 3.

8. This action is referred to the Pro Se Prisoner Mediation Program. The Clerk is directed to serve Magistrate Judge Illman with a copy of this Order and to notify Magistrate Judge Illman that a copy of the court file can be retrieved from the court's electronic filing database. In view of the referral to the Pro Se Prisoner Mediation Program, after the complaint has been served on the aforementioned named Defendants against whom Plaintiff has alleged cognizable claims, all other further proceedings in this case are hereby STAYED. If the case is not settled, the Court will enter a scheduling order for further proceedings.

IT IS SO ORDERED.

Dated: May 21, 2024

_____
DONNA M. RYU
Chief Magistrate Judge